|  |  |  |
|---|---|---|
| Retrice L. Funderburk | ) | Civil Action No. 5:11-1596-RBH-KDW |
| (a/k/a Patrice Lamont Funderburk), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Retrice L. Funderburk ("Petitioner" or "Funderburk"), a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 21, 22. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 23. Petitioner filed a response in opposition to Respondent's motion. ECF No. 39. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 21, be granted.

I.    Factual Background

On November 16, 2000, Officer David Robinson of the South Carolina Highway Patrol, and Deputy John McIntyre of the Cleveland County, North Carolina Sheriff's Office were patrolling Interstate 85 in Greenville County, South Carolina. App. 26-27, 144-45, 202-04.[1] As the duo traveled northbound, they observed a vehicle traveling in the left lane following too

---

[1] Citations to "App." refer to the PCR Appendix as to Petitioner's claim for collateral relief in the state courts of South Carolina. That appendix is available at ECF No. 22 in this habeas matter.

closely to an 18-wheeler, prompting Robinson to perform a traffic stop. App. 26-27, 145, 205. After Robinson activated his blue lights, the driver of the vehicle pulled off onto the right side of the highway, and Robinson pulled behind it. App. 205. Robinson approached the passenger side of the vehicle. App. 26-27, 145-46, 205. Arriving at the passenger window, Robinson noticed a black female in the driver's seat, Petitioner in the passenger's seat, and smelled what he believed to be burnt marijuana coming from the passenger-side window. App. 28, 146-47.

After a brief conversation with the occupants, Robinson asked the driver to step out of the car so he could issue her a warning citation for following the 18-wheeler too closely. App. 28-29, 147, 206. While getting information from the driver, Robinson noticed Petitioner motioning to him from the vehicle. App. 30. Robinson instructed the driver to stay with McIntyre[2] while he returned to the vehicle to see what Petitioner wanted. App. 30, 149-50. Upon arriving at the passenger-side window, Petitioner asked Robinson if it was too cold for the driver to be outside. App. 30-31, 150. In turn, Robinson briefly questioned Petitioner about where he was coming from and where he was headed. App. 31-32, 150-51.

While talking to Petitioner, Robinson again noticed the smell of burnt marijuana, and asked for consent to search the vehicle. App. 31, 151-52. Petitioner initially agreed to "open up stuff" for Robinson, but was told that for safety reasons Robinson could not allow him to do that. App. 33, 152. Robinson then asked Petitioner to exit the car and leave the car keys on the seat. App. 33, 152-53. When Petitioner stepped out of the car, Robinson quickly frisked Petitioner for

---

[2] McIntyre was in South Carolina for training with the South Carolina Highway Patrol's Aggressive Criminal Enforcement ("ACE") unit. App. 202-04. Specifically, his duties while training were to observe and, if necessary, assist South Carolina patrol officers. App. 204.

weapons, and, finding none, directed him to stand with McIntyre and the driver at the rear of the vehicle. App. 33, 153.

After Petitioner exited the vehicle, Robinson asked for consent to search the vehicle and Petitioner responded by pointing toward the vehicle and saying "go ahead." App. 154-55, 207. Robinson conducted a brief visual search of the interior of the car, retrieved the keys, and proceeded to the rear of the vehicle. App. 153. As Robinson opened the trunk and began searching through its contents, Petitioner questioned the necessity of the search. App. 207. After searching a few bags, Robinson put his hand on a black bag and felt two hard brick-shaped items that, from experience, he identified as either cocaine or marijuana. App. 35, 154. Petitioner acknowledged ownership of the bag and asked Robinson to stop the search. App. 154. Robinson complied with Petitioner's request, stopped the search, and instructed McIntyre to arrest Petitioner. App. 35-36, 155-56.

When McIntyre attempted to secure Petitioner with handcuffs, Petitioner struck at McIntyre and ran towards Robinson. App. 155, 208.  In response, Robinson pepper-sprayed Petitioner, who had run past Robinson's patrol car. App. 155. Robinson then shouted for McIntyre to handcuff Petitioner while Robinson attempted to secure the black bag in his patrol car. App. 37, 156. Petitioner ran towards Robinson swinging his arms. App. 156.  Robinson again pepper-sprayed Petitioner, then drew his service weapon and ordered Petitioner to the ground.  App. 156-57.  After Petitioner complied with Robinson's orders to get down on the ground, he was handcuffed and restrained. App. 157-58.  Robinson returned to his patrol car where he extracted two packages wrapped in duct tape from the black bag. App. 164.  After field testing, the contents of the packages tested positive for cocaine. App. 165.  Robinson also found

what he believed to be two blunts, or cigars containing marijuana, inside of the vehicle. App. 40-41, 160-61. Petitioner was subsequently indicted for resisting arrest and trafficking cocaine. App. 386-89.

On November 3, 2003, Petitioner's case was called for trial before the Honorable Edward W. Miller in Greenville. App. 1. The State was represented by Assistant Solicitors Joyce K. Monts and Leigh B. Paoletti; Petitioner was represented by Michael W. Barcroft, Esq. and James H. Price III, Esq. Immediately before trial, Petitioner moved to suppress the cocaine evidence, arguing the search exceeded the scope of consent and the officers lacked probable cause to search the trunk. Over his objection, the court allowed evidence and testimony regarding the cocaine. App. 87-92.

Following the denial of the motion to suppress the cocaine, defense counsel sought to exclude any testimony or evidence related to the marijuana because the State had failed to conduct an analysis showing the substance contained within the cigars was in fact marijuana. App. 92. Additionally, defense counsel argued they had not received any discovery regarding marijuana found during the traffic stop. *Id.* The trial court declined to rule on defense counsel's motion to suppress the marijuana. Rather, the court informed defense counsel that they could raise the issue again during trial. App. 98-100.

At trial, the State, through Robinson, sought to introduce what it believed to be a blunt found in the car after Petitioner's arrest. App. 160. Pursuant to the trial court's pre-trial ruling on the motion to suppress, defense counsel objected to the introduction of the evidence. Counsel argued that Robinson's characterization of the cigar as a blunt lacked foundation as there was no analysis substantiating Robinson's assertion that the cigar actually contained marijuana. *Id.* In

4

response, the State laid a foundation by having Robinson explain that, based upon his experience and qualifications, he believed the cigar to be a blunt. App. 160-61. Continuing their objection, defense counsel explained that no field test was done to confirm Robinson's suspicions, rendering Robinson's characterization of the cigar as a blunt inaccurate. App. 163. The trial court overruled defense counsel's objection, stating Robinson could "testify as to what his state of mind was." *Id.* The State elicited testimony from Robinson that he believed the cigars to be blunts because of their texture, smell, and hand-rolled appearance. App. 170. Robinson testified as to the chain of custody, and the State moved the purported blunts into evidence. App. 170-71. Defense counsel renewed their objections, and the court admitted the evidence over the objections. App. 171.

At the close of trial, the jury found Petitioner guilty of trafficking in cocaine and resisting arrest. App. 305-06. Petitioner was sentenced to 25 years for the trafficking charge, and one year on the resisting arrest charge. App. 312.

## II. Procedural History

Following Petitioner's conviction and sentencing, defense counsel filed and served a timely notice of appeal on November 6, 2003. ECF No. 22-5. On appeal, Petitioner, represented by Wanda P. Hagler of the South Carolina Office of Appellate Defense, argued: (1) "[t]he lower court erred in denying appellant's motion to suppress the cocaine found in the vehicle because the officer's search exceeded the scope of appellant's consent to search[;]" and (2) "[t]he lower court erred in allowing testimony/evidence regarding the marijuana found during the search in the case." ECF No. 22-6 at 4.

In response, the State, represented by Senior Assistant Attorney General Norman Mark Rapoport, argued: (1) the trial court properly admitted evidence seized by the police because Petitioner consented to the search and the police had probable cause to search the car; (2) the admissibility of the marijuana was not preserved for appellate review; and (3) even assuming the issue was preserved for appellate review, the trial judge did not err in admitting the marijuana into evidence. ECF No. 22-7.

On January 9, 2006, the South Carolina Court of Appeals issued a published opinion affirming Petitioner's conviction. ECF No. 22-8. Addressing the scope of Petitioner's consent to search, the Court of Appeals found:

> We hold the trial court did not err in denying the motion to suppress because evidence exists to support the finding that Funderburk's consent included a search of the trunk. First, the record indicates Funderburk imposed no limits on the scope of his consent to a search. Funderburk consented to the search of the vehicle three times: (1) before he exited the vehicle he agreed to "open things up"; (2) as he walked away from the vehicle he pointed at the car and stated "go ahead"; and (3) when Robinson asked about searching the trunk, Funderburk told him "yes, you can."
>
> Second, Funderburk failed to object to Robinson's search. "[A] suspect's failure to object (or withdraw his consent) when an officer exceeds limits allegedly set by the suspect is a strong indicator that the search was within the proper bounds of the consent search." United States v. Jones, 356 F.3d 529, 534 (4th Cir. 2004) (citations omitted). Here, Funderburk failed to withdraw his consent when Robinson searched through the vehicle's trunk. Therefore, the record demonstrates the scope of consent was not exceeded. Because Funderburk gave a general consent to a search of the vehicle and failed to object to Robinson's search, we find the trial court's ruling was supported by the evidence, and, therefore, we find no error.

ECF No. 22-8 at 4-5.

Moving to the question of whether the admission of the testimony and evidence regarding marijuana constituted improper propensity evidence pursuant to *State v. Lyle*, 118 S.E. 803 (S.C.

1923), the Court of Appeals found the issue unpreserved because trial counsel failed to raise an objection based upon *Lyle*. ECF No. 22-8 at 5. Appellate counsel did not petition for rehearing, and the remittitur was issued on January 25, 2006. ECF No. 22-9.

On May 16, 2006, Petitioner filed an application seeking post-conviction relief ("PCR") arguing: ineffectiveness of counsel, ineffective assistance of appellate counsel, and constitutional violations. Specifically, Petitioner argued trial counsel failed to object to: "(1) inappropriate closing[;] (2) chain of custody[;] (3) prior bad act[;]" and (4) "illegal search and seizure[.]" With regard to appellate counsel, Petitioner maintained appellate counsel failed "to claim illegal search and seizure and illegal detention." App. 314-16.

On August 15, 2006, the State, represented by Assistant Attorney General Karen C. Ratigan, filed a return requesting an evidentiary hearing. App. 326. On February 24, 2009, an evidentiary hearing was conducted before the Honorable John C. Few. App. 328. Caroline Horlbeck, Esq. represented Petitioner in the action and Karen Ratigan, Esq. represented the State. *Id.* Petitioner, along with his two former attorneys, James H. Price III and Michael Barcroft testified. App. 342-55, 355-65, 365-68.

At the beginning of the PCR hearing, PCR counsel reviewed Petitioner's grounds for relief. App. 338-40. Specifically, PCR counsel argued trial counsel was ineffective for: (a) failing to raise the validity of the *Terry*[3] search conducted by the officer; (b) failing to conduct a proper pretrial investigation; (c) failing to raise that Petitioner was illegally detained at the scene; (d) failing to challenge the consent to search and the limits Petitioner imposed on the search; (e) failing to object to evidence of unrelated criminal conduct, i.e., prior bad acts; (f) failing to object

---

[3] *Terry v. Ohio*, 392 U.S. 1 (1968).

to prejudicial misconduct of prosecution during closing arguments; and (g) failing to challenge the judge for abuse of discretion. Additionally, PCR counsel argued appellate counsel was ineffective for "failing to submit a petition for rehearing." App. 338-39.

At the conclusion of the evidentiary hearing, the PCR court issued an oral order denying relief. App. 368-76. Subsequently, on April 7, 2009, the PCR court signed an order memorializing the oral order denying relief and making the following findings of fact and conclusions of law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly.

Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

## Ineffective Assistance of Counsel

The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.1(e), SCRCP).

For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). In order to prove prejudice, an applicant must show "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry v. State, 300 S.C. 115, 117-18, 386 S.E.2d 624, 625 (1989). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052).

8

The Applicant stated counsel did not do a proper pre-trial investigation of the alleged marijuana cigars that were found in the car. The Applicant stated counsel should have known about these cigars and had them tested. The Applicant stated counsel should have objected to the Terry [Footnote 1: Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868 (1968).] pat-down. The Applicant testified counsel did not make a strong enough argument at trial that he had been illegally detained at the traffic stop. The Applicant testified counsel should have acquired the Highway Patrol manual in order to better challenge the drugs' chain of custody. The Applicant testified counsel should have argued either prior bad act or Lyle [Footnote 2: State v. Lyle, 125 S. Ct. 406, 118 S.E. 803 (1923).] in order to challenge the admission of the marijuana cigars at trial. The Applicant stated counsel should have objected to two portions of the State's closing argument: (1) the poem read at the start of the argument and (2) the comment that that the defense was there to "muddy the waters." The Applicant stated appellate counsel should have filed a petition for rehearing.

Attorney Price testified he was retained only to handle issues related to the suppression hearing. Price testified he had read about the marijuana cigars in the officer's narrative, but was surprised when they were introduced at trial. Price testified he did not object to their admission based on Lyle, but instead argued these items had never been tested. Price stated he did not argue Terry at trial because the officer admitted he did not discover contraband or a weapon on the Applicant. Price stated he was not as concerned with the detention aspect of the traffic stop as he was with the consent to search and its scope. Price stated he questioned the officer about his control over the drugs and objected to the drugs coming in, but did not subpoena the Highway Patrol protocol concerning chain of custody.

Attorney Barcroft confirmed Price had been retained by the Applicant to deal with issues related to the search and seizure. Barcroft testified no specific Lyle objection was made to the admission of the marijuana cigars. Barcroft testified he did not know if there was a basis to object to the poem recited by the solicitor in closing argument. Barcroft testified he did object to the "muddy the waters" statement in the solicitor's closing argument.

This Court finds the Applicant's testimony is not credible, while also finding trial counsels' testimony is credible. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, and were thoroughly competent in their representation.

This Court finds the Applicant failed to meet his burden of proving counsel mishandled any of the issues related to the search and seizure in this case. There is no evidence in the record that there was an improper traffic stop. To that

end, Price testified they made a decision not to challenge the stop. Once the officer smelled marijuana, he had probable cause [to] order everyone out of the car to do a pat-down for weapons. [Footnote 3: The officer testified at trial that he "patted [the Applicant] down briefly for weapons." (Trial transcript p. 153, line 11).] The officer asked for consent to search the vehicle and the Applicant exited the vehicle, leaving the keys in the car. (Trial transcript, pp.152-53). The Applicant did not place limits on the search. See State v. Forrester, 343 S.C. 637, 648, 541 S.E.2d 837, 843 (2001) ("[S]uspects are free to limit the scope of the searches to which they consent."). The officer felt two (2) "hard brick-shaped substances" in a bag in the trunk. (Trial transcript, p.154, lines 2-4). The Applicant identified the bag in the trunk was his and then asked the officer to stop [t]he search. (Trial transcript, p.154, lines 15-18). This Court notes these facts do not give rise to a cognizable Terry argument, as the vehicle was lawfully stopped for a traffic violation and the officer detected the odor of marijuana coming from the vehicle. See, e.g., State v. Odom, 376 S.C. 330, 656 S.E.2d 748 (Ct. App. 2007) (finding once a vehicle has been lawfully detained for a traffic violation, an officer may order one out of the vehicle and conduct a search for weapons where the officer believes his safety or that of others was in danger). This Court notes a thorough suppression hearing was held and finds all possible issues pertaining to the search and seizure in this case were properly made and ruled upon. This Court finds the Applicant has failed to show what more counsel could have been done on this issue.

This Court finds the Applicant failed to meet his burden of proving counsel should [have] objected – pursuant to Lyle – to the admission of the marijuana cigars at trial. This Court finds that, as the marijuana cigars in this case were part of the body of the crime, a Lyle objection would not have been proper. The trial judge did not admit the evidence and testimony about the marijuana cigars because it was true and a reflection of the Applicant's character. [Footnote 4: This Court notes Barcroft's concern that the marijuana evidence put the Applicant's character in issue was discussed in a colloquy with the trial judge. (Trial transcript, pp. 98-99).] Cf. Rule 404(b), SCRE. It was admitted because the officer thought the substance was marijuana and this factored into the probable cause for the search. Regardless, it was clearly proper for the officer to testify that, based on his experience, the substance appeared to be marijuana. (Trial transcript, p.147; p.170). See Rule 701, SCRE. As an objection pursuant to Lyle would have been improper in this case, counsel were not ineffective in failing to make such an objection.

This Court notes there are two (2) issues related to the solicitor's closing argument in this case. First, the Applicant argues trial counsel should have better objected to the solicitor's statement that "the Defense's job is to muddy [the] water . . . ." (Trial transcript, p.272, lines 17-21). This Court notes Barcroft objected to this improper statement and the solicitor ceased the line of argument.

10

(Trial transcript, p.272, lines 21-25). This Court finds the Applicant has failed to show what more could have been done on this point. Second, the Applicant argues trial counsel should have objected to the poem read at the start of the solicitor's closing argument. (Trial transcript, p.256, line 19 – p.257, line 11). This Court finds counsel should have objected to this poem, as it was clearly improper and used only to incite the passions of the jury. This Court must determine, therefore, if this error prejudiced the Applicant's case. This Court concludes it did not. The State's evidence against the Applicant was overwhelming. As such, counsel's error in failing to object to the poem was not prejudicial because there is no reasonable likelihood the outcome of the trial would have been different if such an objection had been made and sustained. See Cherry v. State, 300 S.C. at 117-18, 386 S.E.2d at 625.

This Court finds the Applicant failed to meet his burden of proving appellate counsel should have filed a petition for rehearing. Our Supreme Court has expressly found there is no duty on appellate counsel to file either a petition for rehearing or certiorari. See Douglas v. State, 369 S.C. 213, 215, 631 S.E.2d 542, 543 (2006).

Accordingly, this Court finds the Applicant has failed to prove both prongs of the Strickland test regarding the above allegations of ineffective assistance of trial counsel. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

## All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

## CONCLUSION

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his trial and sentencing proceedings. Counsel were not deficient in any manner, nor was the Applicant prejudiced by counsels' representation. Therefore, this application for PCR must be denied and dismissed with prejudice.

App. 379-84. Collateral counsel did not file a Rule 59(e), SCRCP, Motion to Alter or Amend, and on May 15, 2009, timely filed the notice of appeal. ECF No. 22-10. Petitioner, represented by Elizabeth Franklin-Best of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari arguing, "appellate counsel was ineffective for failing to petition the Court of Appeals for rehearing to make a finding that the officers improperly prolonged Petitioner's detention and that, as a consequence, Petitioner's 'consent' was invalid[.]" ECF No. 22-11. In its return, the State maintained the PCR court "did not err in finding Petitioner failed to meet his burden of proving appellate counsel was ineffective." ECF No. 22-12. On February 3, 2011, the South Carolina Supreme Court denied certiorari. ECF No. 22-13. The remittitur was issued on February 23, 2011. ECF No. 22-14.

III.    Discussion

  A.   Federal Habeas Issues

        Petitioner raises the following issues in his federal petition for a writ of habeas corpus, quoted verbatim:

> GROUND ONE: Illegally Prolonged Detention
>
> Supporting Facts: Ordered Passanger out of vehicle; retrieved driver and passengers identification and never returned them; never checked with dispatcher to see if license were valid; separated occupants and began to question them on unrelated issues; never issued any citation for traffic violation; stated neither of us were free to go
>
> GROUND TWO: Counsel failed to do pre-trial investigation
>
> Supporting Facts: failed to execute on a Rule 5 of evidence[;] failed to establish policy rules on evidence storage where officer kept cocaine in his home five days[;] failed to properly investigate arresting officers[;] admitted he was unaware State would introduce marijuana[;] failed to investigate evidence alleged against defendant

GROUND THREE:  Officer exceeded scope of consent of permissible search given with limits

Supporting Facts:  Agreed to show officer's areas subject to my discretion which I could limit; tried to get officer to stop several times; never search interior, was denied first then given under duress

GROUND FOUR:  Courts erred in allowing testimony/and evidence of marijuana

Supporting Facts:  officer never searched interior (object of search)[;] alleged marijuana was found after cocaine and detention[;] officer never mentioned to petitioner or other officer of smell of marijuana[;] marijuana was never analized/no field test[;] fellow officer testified he never smelled marijuana[;] trial counsel was never given discovery of marijuana

GROUND FIVE:  Violated Fourth Amendment by performing "pat down" search of Petitioner

Supporting Facts:  lacked reasonable suspicion to perform search where he state it was a "Terry" search he does a lot in this situation; never articulated why he would have feared for his safety to justify patdown; stated he had been given no reason to believe petitioner was armed; failed to specify any facts he could have taken together to base any claim he felt he was in any danger to warrant the intrusion

GROUND SIX: Violated Fourth Amendment by leaning his head into window which was an illegal search of an area a reasonable person would feel they have an expectation to privacy in

Supporting Facts:  Officer approached vehicle and inserted his head through open window therefore conducting a search; Officer testified he gained probable cause by inserting head into window and smelling odor of burnt marijuana but only by the illegal actions of inserting his head into open window could he obtain smell.

GROUND SEVEN:  Trial Counsel Failed to object to Evidence of Unrelated Criminal Conduct

Supporting Facts:  Never argued on South Carolina case law State v. Lyle[;] failed to establish claim of prior bad act where defendent wasn't charged with marijuana possession[;] Never presented how admission of alleged marijuana would prejudice defendant[;] Did not make the case that the introduction of evidence would put defendant's character on trial where he never took defense stand[;] Did not seek to get Judge to at least charge jury that evidence of alleged marijuana should not be used to consider defendant as drug trafficker.

GROUND EIGHT: Abuse of Discretion by Judge

Supporting Facts: Admitted cocaine into evidence after objecting to the chain of custody[;] Allowed marijuana to be introduced into evidence even though no chain was established[;] Introducing testimony of marijuana instead of suppressing where there was no analasis and it would tend to prejudice defendant

GROUND NINE: Prosecutorial Misconduct Sixth Amend. Violation

Supporting Facts: stated defense attorneys job was to "muddy waters" so jury could not see quarter at the bottom of the clear pool[;] Read poem referencing drugs and trafficking and the effects on society during closing arguments

GROUND TEN: Appellate Counsel failed to Petition Courts for a Rehearing violating Petitioners right to Due Process

Supporting Facts: failed to promptly inform defendant of order confirming[;] failed to file petition for rehearing as requested by defendant in a letter.

GROUND ELEVEN: Appellate Counsel failed to petition courts for rehearing to make finding officers prolonged detention of Petitioner made "consent" invailed[;] violated his due process right

Supporting Facts: Officer never had dispatcher check to see if license were valid[;] stated neither occupant was "free to leave"[;] state he is taught to "go above and beyond the traffic stop"[;] Never wrote the warning ticket[;] ordered occupants out of vehicle and seperated them

GROUND TEN [TWELVE]: Chain of custody

Supporting Facts: cocaine was kept in toolbox[;] cocaine was stored in officers home five days[;] were no subsequent chain of custody forms submitted by evidence handlers other than arresting officer[;] Officer testified he sometimes didn't know where cocaine was

ECF No. 1.

B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C. Habeas Corpus Standard of Review

1. Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a

similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion

requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply

with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96. *See also Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review by showing cause for the default and prejudice from a violation of federal law.") (quoting *Coleman*, 501 U.S. at 750). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of

cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4.     Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id*.

### D.   Analysis

### 1.     Procedurally Barred Grounds

Procedural default is an affirmative defense that is waived if not raised by Respondent. *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). Respondent contends that all but two of Petitioner's twelve grounds for relief are procedurally barred to the extent they were not raised or preserved in state court.[4] Having reviewed the record evidence and the parties' legal memoranda, the undersigned agrees with Respondent that Petitioner's Grounds Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, and Twelve are barred.

### 2.     Petitioner Has Not Overcome the Procedural Bar

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim

---

[4] Respondent does not assert that Petitioner's Ground One and Ground Eleven are procedurally barred; accordingly, the undersigned will consider Grounds One and Eleven on the merits.

is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Objective factors include "'interference by officials' that makes compliance with the State's procedural rule impracticable, and 'a showing that the factual or legal basis for a claim was not reasonably available to counsel.'" *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (quoting *Murray*, 477 U.S. at 488).

> a.      Grounds Two, Seven, Eight, and Nine

Regarding Respondent's argument that Petitioner did not appropriately raise issues contained in his habeas petition's grounds two, seven, eight, and nine, Petitioner argues he can demonstrate sufficient cause to excuse not having exhausted those claims in the state courts. ECF No. 39-1 at 4-6. Petitioner asserts that the South Carolina Supreme Court's denial of his Motion to Appoint Outside Counsel to assist him with his petition for certiorari from his PCR denial constituted interference by officials because the court reappointed the same appellate counsel to handle his petition for writ of certiorari whom Petitioner claimed was ineffective in his PCR application. ECF No. 39-1 at 5. "The culmination of [the denial of the motion] was the Office of Appellate Defense did not include Grounds Two, Seven, Eight, and Nine . . . for the S.C. Supreme Court to consider, when the PCR Court clearly ruled on those grounds—thus preserving them for appellate review." *Id.* Petitioner asserts in Ground Two that trial counsel failed to conduct an adequate pre-trial investigation, in Ground Seven he asserts trial counsel

failed to object to evidence of unrelated criminal conduct, in Ground Eight he alleges abuse of discretion by the trial judge related to allowing certain evidence or testimony to be admitted, and in Ground Nine he asserts the prosecutor's statements made in closing argument amounted to prosecutorial misconduct in violation of the Sixth Amendment. These issues were raised to and ruled upon by the PCR court, but not raised in the petition for writ of certiorari to the South Carolina Supreme Court. The court's denial of Petitioner's motion for outside counsel does not amount to interference so as to establish cause. Petitioner's appointed counsel could have included the additional grounds, but chose not to do so.[5]

Petitioner has not shown "cause" to excuse the default as that word has been defined by case law in the habeas context. A petitioner must show reasonable diligence in pursuing his claim to establish cause. *Hoke v. Netherland*, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996). Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner*, 58 F.3d at 931. However, even if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, Petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982); *see also Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (finding that in order to show

---

[5] The undersigned notes that the Supreme Court recently recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. However, the Court did not extend this potential for demonstrating cause to "attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings." *Id.* at 1320. Accordingly, Petitioner's claim that his PCR appellate counsel was ineffective cannot establish the requisite cause required to excuse default.

prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different).[6]

Petitioner did not address the prejudice prong of the "cause and prejudice" test in his response to summary judgment. Regardless, there was no constitutional violation when appellate counsel failed to raise the issues in Petitioner's Grounds Two,[7] Seven, Eight, and Nine in the Petition for Writ of Certiorari following the PCR decision. Petitioner has not shown sufficient cause and prejudice to excuse the default of his claims in Grounds Two, Seven, Eight and Nine. Thus, these issues are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Murray*, 477 U.S. 478; *Wainwright*, 433 U.S. at 88-91; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court.").

---

[6] Because Petitioner does not deny that he constructively possessed the cocaine found in the trunk of the vehicle, nor does he deny resisting arrest, the other method of excusing default, "actual innocence," is inapplicable. Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

[7] Petitioner also argues that because his ineffective assistance of counsel claim in Ground Two "clearly makes a reference to '*Brady*' . . . the 'liberal construction' doctrine operates to allow Petitioner's arguments." ECF No. 39-1 at 6-7. In other words, Petitioner appears to argue that by referring to a federal case in his memorandum, his claim is not premised on the interpretation of state evidentiary law. The court disagrees. Petitioner's claim is based on trial counsel's alleged failure to properly conduct pre-trial investigation which led to the admission of drug-related evidence. The PCR court ruled that trial counsel conducted a proper investigation, App. 381, and Petitioner did not raise the issue in his Petition for Writ of Certiorari to the South Carolina Supreme Court. Therefore, the issue is procedurally barred.

b.      Grounds Three, Five, and Six

Respondent asserts that Petitioner is barred from pursuing the free-standing Fourth Amendment claims found in his habeas grounds three (claiming officer's search exceeded scope of consent given), five (claiming pat-down search violated Fourth Amendment rights), and six (claiming officer violated Fourth Amendment rights by leaning his head into car window) because Petitioner did not make those arguments to the state court during his trial. *See* ECF No. 22 at 28, 30-31. Respondent submits that, because Petitioner did not raise these Fourth Amendment claims during his trial, he could not raise them on direct appeal or in PCR. *See id.* (citing *State v. Dunbar,* 587 S.E.2d 691, 693-94 (S.C. 2003) (finding issue must have been raised and ruled on by trial court to be preserved for appellate review); *O'Sullivan,* 526 U.S. at 848 (holding procedural bar may prevent habeas review of a claim that is not exhausted below but can no longer be raised in state court because of procedural defects)). Further, Respondent argues that Petitioner may not obtain habeas relief from these free-standing Fourth Amendment claims because he had a full and fair opportunity to litigate his Fourth Amendment claims in state court and, in fact, *did* litigate Fourth Amendment issues at trial. ECF No. 22 at 28-29 (citing *Stone v. Powell*, 428 U.S. 465 (1976)).

In response to Respondent's Motion for Summary Judgment, Petitioner argues that he should be excused from having presented the free-standing Fourth Amendment arguments in his habeas Grounds Three, Five, and Six to the state court below. ECF No. 39-1 at 7-9. Rather than specifically address the merits of these grounds, Petitioner argues that "facts surrounding appellate counsel's negligence prevented [Ground Five] from being raised to the S.C. Court of Appeals" and that Grounds Three and Six were "not raised by amendment into the PCR action

by counsel . . . because counsel had no constitutionally-imposed duty to so amend, and if Petitioner tried to amend Arguments 3 and 6 into his PCR action himself, the provision against 'hybrid representation'[8] . . . would've barred him." ECF No. 39-1 at 8-9. Accordingly, Petitioner asserts he did not have a "truly 'full and fair opportunity to litigate' his claims in state court." *Id.*

The undersigned disagrees with Petitioner and recommends finding that he has not established cause sufficient to excuse the procedural default as to Grounds Three, Five, and Six.[9] Although Petitioner differentiates Ground Five from Grounds Three and Six in explaining why they were not raised below, he does not explain why he makes such a distinction. Petitioner bears the burden of demonstrating any cause that he submits excuses his procedural bar, and he has not satisfied that burden. *See Smith v. Murray*, 477 U.S. at 536 (noting burden of establishing cause for noncompliance with procedural rules was on petitioner). To the extent Petitioner is arguing that the claimed negligence of his trial appellate counsel for failing to file a petition for rehearing constitutes cause, the court finds the argument unpersuasive. As more fully discussed in connection with the merits review of Petitioner's Ground Eleven below, the PCR court

---

[8] Hybrid representation is "representation which is partially pro se and partially by counsel." *State v. Stuckey*, 508 S.E.2d 564 (S.C. 1998). In *Stuckey*, the court noted that, by implication, the United States Supreme Court had determined there was "no Sixth Amendment right to hybrid representation." *Id.*

[9] As an initial matter, the court notes that Petitioner's Grounds Three, Five, and Six were not brought as claims that his trial counsel was ineffective. In his Petition, ECF No. 1, and his Memorandum in Law in Support of Habeas Petition, ECF No. 17, Petitioner focused on facts surrounding the officers' search of his vehicle, reiterating facts in support of his claim of a constitutional violation. *See* ECF No. 1 at 9, 17; ECF No. 17 at 6-7, 9-11. In response to the form question in the Petition regarding whether he appealed the issue raised in ground three, Petitioner indicated he had raised that issue on direct appeal, ECF No. 1 at 9. Because Petitioner's grounds five and six were on hand-written sheets appended to the form Petition, he did not answer this question as to those issues. Because Petitioner did not properly present Grounds Three, Five, and Six as ineffective-assistance-of-counsel claims, the court need not consider the claims as such. Out of an abundance of caution, the court considers these claims in deciding whether Petitioner has shown adequate cause for his procedural default.

considered that claim and found trial appellate counsel was not ineffective, *see* App. 384, and the undersigned finds no habeas violation in the PCR court's so ruling, *see* discussion, *infra*. Similarly, the undersigned finds Petitioner has not demonstrated cause for failing to raise Ground Five below.

To the extent Petitioner is raising the alleged ineffective assistance of PCR appellate counsel as a ground for habeas relief, 28 U.S.C. § 2254 does not permit such a ground. 28 U.S.C. § 2254(i) (providing "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Because Petitioner has no constitutional right to counsel in connection with an appeal from the denial of PCR, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. *Martinez*, 132 S. Ct. at 1320; *Coleman*, 501 U.S. at 754; *Wise v. Williams*, 982 F.2d 142, 145 (4th Cir. 1992). Consequently, federal habeas review of Petitioner's claims in Grounds Three, Five, and Six is barred.

> c.      Grounds Four, Ten, and Twelve

Petitioner offers no reasons for the default of his claims presented in Grounds Four, Ten, or Twelve. It is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *See generally Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). In *Kornahrens*, the Fourth Circuit Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. 66 F.3d 1350. The court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion that follows is dicta. *See Karsten v. Kaiser Found. Health Plan*, 36 F.3d 8, 11 (4th

Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, the undersigned will not discuss the merits of the claims raised in Grounds Two through Ten, and Ground Twelve, as these claims are procedurally barred. Therefore, it is recommended that Respondent's motion for summary judgment be granted as to these grounds.

3.    Merits Review

Petitioner's Grounds One and Eleven are similar claims. In Ground One Petitioner alleges that the traffic stop resulted in an illegally prolonged detention "in violation of his Fourth Amendment right to be free from all unreasonable searches and seizures." ECF No. 17 at 2. Respondent concedes Petitioner has properly exhausted this claim as this issue was presented in state court in Petitioner's motion to suppress the cocaine, and on appeal in Petitioner's argument that the trial court erred in denying his motion to suppress. ECF No. 22 at 15-16. However, Respondent argues that habeas corpus relief is not available for free-standing Fourth Amendment claims. ECF No. 22 at 39. The undersigned agrees. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Petitioner raised the issue related to the search at trial in a motion to suppress that the judge denied. *See* App. 75-91. He also argued this issue in his direct appeal. ECF No. 22-6 at 6-7. Because Petitioner was provided an opportunity to litigate his Fourth Amendment claim at the state level, his claim in Ground One is not cognizable in a habeas petition. Accordingly, Respondent should be granted summary judgment on this claim.

In Ground Eleven Petitioner argues that appellate counsel's failure to petition the court for rehearing on the prolonged detention was a violation of his right to due process. ECF No. 17 at 15-17. Respondent concedes Petitioner properly exhausted this claim[10] as it was presented to the state courts at Petitioner's PCR hearing, App. 339, and in his Petition for Writ of Certiorari to the South Carolina Supreme Court, ECF No. 22-11. However, Respondent argues that "Petitioner cannot show the state courts were unreasonable for purposes of § 2254(d) in denying Petitioner relief on his claim of ineffective assistance of appellate counsel." ECF No. 22 at 48. The undersigned concurs. As held by the PCR court, the South Carolina "Supreme Court has expressly found there is no duty on appellate counsel to file either a petition for rehearing or certiorari." App. 384 (citing *Douglas v. State*, 631 S.E.2d 542, 543 (2006) (finding "the decision whether to pursue certiorari is a matter left solely to the appellant's attorney's professional discretion.")). Habeas relief is available only when a state-court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state-court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). The standard of review to be applied is highly deferential to the rulings of the state courts, and state-court decisions are to be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue, has failed to show that the State court's findings on this

---

[10] To the extent Petitioner is arguing that his consent to search was invalid due to duress or coercion, Respondent argues that issue is procedurally barred because Petitioner did not raise the issue in state court, and now review is unavailable. The undersigned agrees. "The exhaustion doctrine bars a claim if it is raised for the first time in a federal habeas petition." *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001).

issue are unreasonable, that his appellate counsel's performance was deficient, or that he was prejudiced by his appellate counsel's performance. Ground Eleven is without merit and should be dismissed.

IV.     Conclusion

The undersigned has considered each of Petitioner's grounds for habeas corpus relief and recommends that each be dismissed. Accordingly, for the foregoing reasons, the court recommends that Respondent's motion for summary judgment, ECF No. 21, be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


August 15, 2012                                    Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**