IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Retrice L. Funderburk,<br>(a/k/a Patrice Lamont Funderburk),<br><br>Petitioner,<br><br>v.<br><br>Warden Leroy Cartledge,<br><br>Respondent. | Civil Action No.: 5:11-cv-01596-RBH<br><br><br><br><br>**ORDER** |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on June 30, 2011. [§ 2254 Petition, Doc. # 1.] This matter is now before the Court with the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West[1] filed on August 15, 2012. [R&R, Doc. # 44.] In her R&R, the magistrate judge recommends that Respondent's Motion for Summary Judgment [Doc. # 21] be granted. Petitioner timely filed objections to the R&R. [Obj., Doc. # 48.]

**Background**[2]

On November 3, 2003, Petitioner was convicted by a jury for resisting arrest and drug-related offences and sentenced to twenty-five years imprisonment.

Petitioner appealed his case to the South Carolina Court of Appeals, alleging that the lower court erred in denying a motion to suppress cocaine found as a result of a vehicle search, and that the lower court erred in admitting evidence regarding marijuana found during the search. The South

---

[1] This matter was referred to Magistrate Judge West pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

[2] The facts and procedural background, with citations to the record, are more thoroughly discussed in the magistrate's R&R. [*See* R&R, Doc. # 44, at 1–14.]

Carolina Court of Appeals affirmed Petitioner's conviction on January 9, 2006, by published opinion.

On May 16, 2006, Petitioner filed an application for post-conviction relief ("PCR"), alleging several grounds, which was dismissed on April 7, 2009. Petitioner, through counsel, filed a petition for writ of certiorari contesting the PCR court's finding on only one ground. In February 2011, the South Carolina Supreme Court denied the petition for certiorari. On June 30, 2011, Petitioner filed his § 2254 Petition raising the following issues:

**Ground One:** Illegally prolonged detention.

**Ground Two:** Counsel failed to do pre-trial investigation.

**Ground Three:** Officer exceeded scope of consent of permissible search given with limits.

**Ground Four:** Courts erred in allowing testimony/and evidence of marijuana

**Ground Five:** Violated Fourth Amendment by performing "pat down" search of Petitioner.

**Ground Six:** Violated Fourth Amendment by leaning his head into window which was an illegal search of an area a reasonable person would feel they have an expectation to privacy in.

**Ground Seven:** Trial counsel failed to object to evidence of unrelated criminal conduct.

**Ground Eight:** Abuse of discretion by judge.

**Ground Nine:** Prosecutorial misconduct.

**Ground Ten:** Appellate counsel failed to petition courts for a rehearing violating Petitioner' right to due process.

**Ground Eleven:** Appellate Counsel failed to petition courts for rehearing to make finding officers prolonged detention of Petitioner made "consent" invalid; violated his due process right.

**Ground Twelve:** Chain of custody.

On November 17, 2011, Respondent timely filed his Motion for Summary Judgment, along with a return and memorandum in support. [Mot. Summ. J., Doc. # 21–22.] Because Petitioner is proceeding *pro se*, the magistrate judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on November 22, 2011, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. After being granted numerous extensions, Petitioner filed his Response in Opposition to the Summary Judgment Motion on March 2, 2012.

### Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## **Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). Much of the document Petitioner has styled as his "objections" discusses Petitioner's views on supposed emerging legal trends, recites the applicable law of the case, or merely restates arguments already presented to, and ruled upon by, the magistrate. [*See, e.g.,* Obj. Doc. # 48, at 1–3.]. *See also Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations); *Harrison v. Brown*, No. 3:10–cv–2642, 2012 WL 243212, at *1 (D.S.C. Jan. 24, 2012) (same); *Malik v. Sligh*, No. 2:11–cv–01064–RBH, 2011 WL 6817750, at *2 (D.S.C. Dec. 28, 2011) (same). After reviewing the magistrate's R&R, the Court find that the magistrate properly applied the governing law and correctly addressed the issues raised by Petitioner.

Nonetheless, out of an abundance of caution, to the extent Plaintiff appears to raise cognizable and specific objections to the magistrate's R&R, those objections are addressed below.

The magistrate held that of Petitioner's claims, all but Grounds One and Eleven were

procedurally barred and that Petitioner failed to show cause for the default and actual prejudice[3] as a result of the alleged violation of federal law. [*See* R&R, Doc. # 40, at 22–28.] Petitioner does not object to the finding that these claims are procedurally barred.[4] However, Petitioner takes issue with the magistrate's finding that he failed to show cause for his default as to the various grounds for relief. [Obj., Doc. # 48, at 1–8.]

I.     **Grounds Two, Seven, Eight, and Nine**

Petitioner argues that he was able to show cause for his default under Grounds Two, Seven, Eight, and Nine because the South Carolina Supreme Court had "an opportunity to replace an attorney claimed to be ineffective, and declines using that opportunity, causing that attorney to possibly omit meritorious claims . . . ." [Obj., Doc. # 48, at 4.] In this objection, Petitioner is restating his previous argument before the magistrate – that he can show cause because his PCR appellate counsel, which was the same attorney who handled his initial PCR proceeding, was ineffective and the South Carolina Supreme Court denied his request for a new PCR appellate counsel. [*Id.* at 3–4; R&R, Doc. # 40, at 22–24.]

The issues in Grounds Two, Seven, Eight and Nine, while adequately raised in the PCR

---

[3] As discussed by the magistrate, in the context of procedurally barred claims, if a federal habeas petitioner can show *both* (1) "'cause' for noncompliance with the state rule[,]" *and* (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. 527, 533 (1986) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).

[4] Petitioner also does not object to the magistrate's holding regarding Grounds One and Eleven of his § 2254 Petition, which were the only two claims the magistrate adjudicated on the merits. In fact, in his objections, Petitioner states that "[i]n all honesty, . . . Petitioner concedes to [m]agistrate's assertions in [the section of the R&R discussing Grounds One and Eleven.]." [Obj. Doc. # 48, at 7.] In light of Petitioner's concession and having found no clear error by the magistrate, the Court adopts the magistrate's R&R with regard to these issues.

process and rejected by the PCR court, were not presented in the petition for writ of certiorari. [*See* R&R, Doc. # 40, at 22–23.] As discussed by the magistrate, that Petitioner's PCR appellate counsel did not include these issues in the petition for certiorari, or that the South Carolina Supreme Court did not appoint new PCR appellate counsel, is simply not enough to show cause for procedural noncompliance. [*Id.*]

"[T]he Fourth Circuit has unambiguously held that there is no constitutional right to counsel at the post-conviction relief stage, and, thus, there can be no error which implicates the Sixth Amendment." *Longworth v. Ozmint*, 302 F. Supp.2d 535, 545 D.S.C. (2003) (discussing the ability of a litigant in a § 2254 proceeding to argue that he could show cause for default by arguing that his PCR appellate counsel erred in not including issues on appeal, and ruling that such an argument is not sufficient to show cause) (citing *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir.1997) (en banc)). "Thus, because nothing impeded Petitioner's counsel from filing a brief with Petitioner's additional claims, Petitioner cannot show cause for failure to comply with the procedural rule and his objection is overruled." *Bryant v. Warden, Broad River Corr. Inst.*, No. 5:11–1315–RBH, 2012 WL 3597652, at *3 (D.S.C. Aug. 20, 2012) (dealing with similar issue where a petitioner argued cause based on PCR appellate counsel's inclusion of only one issue in his brief).

There being no established "cause," this Court may not consider whether Petitioner was "prejudiced."[5] *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) ("We are mindful . . . that in *Engle* [*v. Isaac*, 456 U.S. 107, 134 n.43 (1982)], after finding that there was no cause for the default, the Supreme Court ended its inquiry, noting that because 'we conclude[d] that these

---

[5] The Court notes that even if Petitioner was able to show cause, he would fail because, as the magistrate also held, he cannot show prejudice as to Grounds Two, Seven, Eight, and Nine. [R&R, Doc. # 44, at 23-24.] Petitioner did not object to this finding, which was not clearly erroneous.

respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.' "); *see also Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir.1998) (same). Petitioner's objection is overruled.[6]

## II.  Grounds Three, Five and Six

Petitioner objects to the magistrate's finding that he was without cause for the procedural default of Grounds Three, Five and Six. In this objection, Petitioner merely references his opposition to Respondent's Summary Judgment Motion and claims, without further support, that "circumstances beyond Petitioner's control kept Grounds Three, Five, and Six from being appropriately raised . . . ." [Obj., Doc. # 48, at 6.]

To the extent this objection is specific enough to trigger *de novo* review, it is without merit. As the magistrate explained, Petitioner has failed to carry the burden of demonstrating that he had cause to excuse his procedural bar. [*See* R&R, Doc. # 44, at 26 (quoting *Smith v. Murray*, 477 U.S. 527, 536 (1986)).] As further addressed by the magistrate, if Petitioner is alleging that his trial appellate counsel's failure to file a petition for rehearing on these issues amounted to cause, the PCR court addressed trial counsel's supposed failure and found he was not ineffective. *See Harrington*

---

[6] In a final effort to show cause for his procedural default in Grounds Two, Seven, Eight, and Nine, Petitioner makes two baseless contentions. [Obj., Doc. # 48, at 4–5.] First, Petitioner attempts to discuss whether his PCR appellate counsel adhered to "prevailing professional norms." [*Id*. at 5.] Second, Petitioner attempts to argue that the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), stands for the proposition that the state's failure to appoint new counsel amounts to cause for procedural default. Petitioner flatly misreads *Martinez*. The Court did recognize that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315. However, the Court specifically held that the ability to show cause would not be extended to cases like Petitioner's, where a party alleges cause for procedural default based upon "attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings." *Id*. at 1320.

*v. Richter*, 131 S.Ct. 770, 788 (2011) (emphasizing that, while surmounting the high bar of showing ineffective assistance of counsel pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984) is never an easy task, establishing that a state court's application of *Strickland* was unreasonable under § 2254 "is all the more difficult" because "[t]he standards created by *Strickland* and § 2254[] are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so"). If Petitioner is arguing that his PCR appellate counsel failure to address these issues in the petition for writ of certiorari constituted cause, this Court has already explained in detail why PCR appellate counsel's conduct does not give rise to cause.

### III.     Grounds Four, Ten, and Twelve

In his objection to the magistrate's holding that Petitioner failed to show cause for his default of Grounds Four, Ten, and Twelve, Petitioner appears to simply take issue with the magistrate's finding that he offered no reasons for his default. [Obj, Doc. # 48, at 6.] However, Petitioner again offers no reasons for default. He makes nothing more than a fleeting citation to three pages of his response to Respondent's Summary Judgment Motion. [*Id.*] In these three pages, Petitioner references a discussion irrelevant to the Grounds at issue as it delves into Grounds Two, Seven, Eight, and Nine. [*See* Resp., Doc. # 39-1, at 4–6.] Further, even if the Court were to attribute this discussion to the grounds at issue, it centers on whether cause may be established by the South Carolina Supreme Court denying Petitioner's motion to appoint new appellate counsel – an argument this Court has already rejected. Thus, this objection is overruled.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a

prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### Conclusion

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. Habeas corpus relief is not appropriate in this case as the underlying state adjudication did not result in a decision that was contrary to clearly established federal law, and did not result in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)(2). For the reasons stated above and by the magistrate judge, the Court hereby overrules all of Petitioner's objections and adopts the magistrate judge's R&R.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 21] is **GRANTED** and the § 2254 Petition is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                  s/ R. Bryan Harwell  
                                                  R. Bryan Harwell  
                                                  United States District Judge

Florence, South Carolina  
September 12, 2012